*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1530**

State of Minnesota,
Respondent,

vs.

Rae-Ann Jacklyn Pollard,
Defendant,

Bail Bonds Doctor, Inc.,
Appellant.

**Filed May 9, 2016
Affirmed
Connolly, Judge**

Hennepin County District Court
File No. 27-CR-14-14623

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Erica Shiff Glassberg, Bloomington City Attorney, Bloomington, Minnesota (for respondent)

John T. Daly, Bloomington, Minnesota (for appellant)

        Considered and decided by Reilly, Presiding Judge; Connolly, Judge; and Stauber, Judge.

UNPUBLISHED OPINION

**CONNOLLY**, Judge

Appellant, a bail bond company, challenges the district court's denial of its motion for reinstatement and discharge of the bonds, arguing that the district court abused its discretion because the defendant whose presence in court was guaranteed by the bonds fled to Canada and the prosecutor declined to pursue her extradition. Because we see no abuse of discretion, we affirm.

## FACTS

In July 2014, appellant Bail Bonds Doctor, Inc. (BBDI) posted two bonds for Rae-Ann Jacklyn Pollard: a bond of $12,000 on a case involving two gross-misdemeanor DWI charges and one misdemeanor driving-after-revocation charge and a bond of $2,400 on a misdemeanor domestic-assault case. In October 2014, Pollard failed to appear for a hearing. The district court issued a bench warrant and ordered the bonds to be forfeited.

In April 2015, BBDI filed a motion for reinstatement and discharge of the bonds supported by an affidavit from the enforcement agent whom BBDI had employed to locate and produce Pollard. The agent's affidavit stated that Pollard (1) had forfeited her parental rights to a child to her ex-husband, the child's father; (2) relocated to Canada, where she was from originally; (3) met a boyfriend able and willing to support her there; (4) has a Canadian Identification Card, (5) has no intention of returning to the United States, and (6) could be apprehended only if the United States petitioned Canada for her extradition. Respondent the State of Minnesota did not respond to BBDI's motion.

In August 2015, BBDI's motion to reinstate and discharge the bonds was denied, and BBDI now challenges that denial, arguing that it was an abuse of the district court's discretion. In January 2016, an order of this court directed that, because respondent had not filed a brief, the matter proceed under Minn. R. Civ. App. P. 142.03 (providing that, when a respondent fails to file a brief, the case is determined on the merits).

## D E C I S I O N

An appellate court "review[s] the district court's denial of a motion to reinstate, discharge, and refund forfeited bail bonds for an abuse of discretion. A district court abuses its discretion when its ruling is based on an erroneous view of the law." *State v. Storkamp*, 656 N.W.2d 539, 541 (Minn. 2003). *Storkamp* reversed the denial of a surety's motion to reinstate and discharge a bond because the denial had been based on the district court's erroneous view "that the defendant's bad-faith conduct [in failing to appear] automatically trumped [the surety's] good-faith apprehension of [the defendant] and the lack of prejudice to the state." *Id.* at 542.

> The four factors to consider in deciding a motion to reinstate a bond are:
>
> > (1) the purpose of bail, the civil nature of the proceedings, and the cause, purpose, and length of the defendant's absence; (2) the good faith of the surety as measured by the fault or willfulness of the defendant; (3) the good-faith efforts of the surety—if any—to apprehend and produce the defendant; and (4) any prejudice to the state in its administration of justice.

*Id.* (quotations omitted).

As to the first factor, the district court found that "BBDI knew or should have known before issuing its bonds for [Pollard's] release that she was originally from Canada and

3

apparently has a residency status that permits her to remain in Canada indefinitely" and "[BBDI] presented no showing that it made any effort to ensure that [Pollard] appeared at her court hearing." As to the second factor, the district court found that, while BBDI retained an agent who located Pollard in Canada, Pollard has not been produced. As to the third factor, the district court found that BBDI has made no showing as to the amount it spent in retaining the agent or the effort it made to produce Pollard, except for the agent's attempts to communicate with her. As to the fourth factor, the district court noted that the state has been prejudiced by being unable to prosecute Pollard and will be unable to prosecute her for an unknown period of time, since she is able to remain in Canada and has no intention of returning to this country. Thus, the district court found that all four factors weighed against reinstatement of the bond.

BBDI does not challenge the district court's findings. It rather argues that the contractual defense of "impossibility of performance due to changed circumstances" should apply, that Pollard's apparently permanent removal to Canada is a changed circumstance, and that BBDI "has most assuredly made substantial and good faith efforts to produce [Pollard] as demonstrated by its ongoing efforts to apprehend [her] and establish her whereabouts in Canada." But, as the district court found, establishing Pollard's location in Canada is not the same as producing her for a court appearance in Minnesota, and that was what BBDI contracted to do. BBDI cites no precedent for its view that a bond company is entitled to reinstatement when the defendant has not been produced.

Because we see no abuse of discretion in the denial of BBDI's motion, we affirm.

**Affirmed.**

4